H:\ljg\23100921\Jt. Case Mgmt Plan.doc
01/08/03 MMC/lap

4

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALLSTATE TEXAS LLOYDS, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-171 |
| | § | Non-Jury |
| TROY A. BOWER and SHARI R. BOWER, | § | |
| Defendants. | § | |

**PROPOSED JOINT REPORT OF MEETING & JOINT DISCOVERY/CASE
MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

JUDGE:        United States District Judge Hilda Tagle
              United States Courthouse
              600 E. Harrison
              Brownsville, Texas 78520-7114

CONFERENCE:        January 27, 2003 – 1:30 p.m.

1.  A conference between Plaintiff and Defendants has not taken place.  To date, Defendants have failed to file an answer or make an appearance in this lawsuit.  Plaintiff is currently in the process of drafting a Default Judgment.

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    *David M. Garcia and Patricia Zimny vs. Troy A. Bower, Shari R. Bower and Pest Com, Inc.*, which has been filed in the 103rd Judicial District State Court, Cameron County, Texas.

3.  Briefly describe what this case is about.

    This case is a Declaratory Judgment action asking the Court for construction of a liability insurance policy and a declaration that the Plaintiff has no duty to defend or indemnify the named parties and that there is no coverage provided in connection with a suit presently pending against Troy A. Bower and Shari R. Bower in the 103rd Judicial District

State Court, Cameron County, Texas, styled *David M. Garcia and Patricia Zimny vs. Troy A. Bower, Shari R. Bower and Pest Com, Inc.*

4.    Specify the allegation of federal jurisdiction.

Diversity. 28 U.S.C. §1332.

5.    Name the parties who disagree and the reasons.

N/A.

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

N/A.

7.    List anticipated interventions.

None known.

8.    Describe class-action issues.

None.

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, state why not, and describe the arrangements that have been made to complete the disclosures.

Plaintiff agrees to provide this information in accordance with the time requirements of Federal Rule of Civil Procedure 26, unless a different time is agreed to between the parties and subject to the terms outlined below.

10.    Describe the proposed agreed discovery plan, including:

A.    Responses to all the matters raised in Rule 26(f).

Plaintiff does not intend to propound written discovery or take depositions. Plaintiff is unaware of any need for changes to the limitations on discovery provided by the Federal Rules.

B.    When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff does anticipate sending interrogatories to Defendants.

C.    When and to whom the defendant anticipates it may send interrogatories.

Plaintiff is unaware of what Defendants plan on doing, as Defendants have failed to date to file an answer or responsive pleading to this lawsuit.

D.    Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff has no plan to take oral depositions at this time. If any depositions are taken, Plaintiff anticipates reaching an agreement with Defendants regarding the taking of those depositions before discovery deadlines.

E.    Of whom and by when the defendant anticipates taking oral depositions.

Plaintiff is unaware of who Defendants anticipate taking oral depositions from, as Defendants have failed to file an answer or responsive pleading to this case.

F.    When the plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff will be able to designate its experts on or before the 60th day prior to the agreed upon discovery deadline.

G.    List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

At this time, Plaintiff does not anticipate taking any depositions. However, if any depositions are taken, Plaintiff anticipates taking those depositions before the discovery deadline.

H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiff is unaware of what expert depositions Defendants plan on taking as Defendants have failed to file an answer or responsive pleading to date.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

3

Plaintiff failed to reach an agreement with Defendants on this discovery plan, as Defendants have failed to file an answer or responsive pleading to date.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

No discovery has been undertaken to date, as Defendants have failed to file an answer or responsive pleading to this case.

13.    State the date the planned discovery can reasonably be completed.

Plaintiff would state that discovery could reasonably be completed by September of 2003.

14.    Describe the possibilities for a prompt settlement or resolution of the case. Were these matters discussed in your Rule 26(f) meeting?

Plaintiff has been unable to hold a Rule 26(f) meeting as Defendants have failed to file an answer or responsive pleading to date. If Defendants file an answer, Plaintiff is agreeable to mediating the case prior to bench trial.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

If Defendants file an answer or responsive pleading, Plaintiff is agreeable to mediating this case prior to trial.

16.    From the attorney's discussion with their respective clients, state the alternative dispute resolution techniques that are reasonably suitable.

Plaintiff would state that mediation is the agreed upon ADR technique and should be used after Plaintiff has filed a motion for summary judgment, if still necessary.

17.    Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

Plaintiff does not wish to have a trial before a magistrate judge.

18.    State whether a jury demand has been made and if it was made on time.

A jury demand has not been made in this case.

19.    Specify the number of hours it will take to present the evidence in this case.

Plaintiff failed to reach an agreement with Defendant on this discovery plan, as Defendants have failed to file an answer or responsive pleading to date.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

No discovery has been undertaken to date, as Defendants have failed to file an answer or responsive pleading to this case.

13.    State the date the planned discovery can reasonably be completed.

Plaintiff would state that discovery could reasonably be completed by September of 2003.

14.    Describe the possibilities for a prompt settlement or resolution of the case. Were these matters discussed in your Rule 26(f) meeting?

Plaintiff has been unable to hold a Rule 26(f) meeting as Defendants have failed to file an answer or responsive pleading to date.  If Defendants file an answer, Plaintiff is agreeable to mediating the case prior to bench trial.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

If Defendants file an answer or responsive pleading, Plaintiff is agreeable to mediating this case prior to trial.

16.    From the attorney's discussion with their respective clients, state the alternative dispute resolution techniques that are reasonably suitable.

Plaintiff would state that mediation is the agreed upon ADR technique and should be used after Plaintiff has filed a motion for summary judgment, if still necessary.

17.    Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

Plaintiff does not wish to have a trial before a magistrate judge.

18.    State whether a jury demand has been made and if it was made on time.

A jury demand has not been made in this case.

19.    Specify the number of hours it will take to present the evidence in this case.

4

Plaintiff's counsel estimates approximately 3 hours to present the evidence in the case.

20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

None.

21.    List other motions pending.

None.

22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

Defendants, to date, have failed to file an answer or responsive pleading. Plaintiff has prepared a Motion for Entry of Default and Default Judgment, and is waiting to file its motion pending verification that Defendants are not members of the Armed Forces.

23.    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Plaintiff will file a Certificate of Interested Parties by January 10, 2003.

24.    List the names, bar numbers, address and telephone numbers of all counsel.

Larry J. Goldman
State Bar Number: 08093450
Southern District ID No.: 341
Michelle M. Copeland
State Bar No. 24007036
ADAMI, GOLDMAN & SHUFFIELD, INC.
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210)344-0500
Telecopier: (210)344-7228

ATTORNEYS FOR PLAINTIFF

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD, INC.
The Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone:  (210) 344-0500
Telecopier: (210) 344-7228


By: *Michelle M. Copeland*
      LARRY J. GOLDMAN
      Fed. Bar No. 341
      (Attorney in Charge)
      MICHELLE M. COPELAND
      Fed. Bar No. 32067

ATTORNEY FOR PLAINTIFF


## CERTIFICATE OF SERVICE

Plaintiff is unable to serve a copy of this pleading upon counsel for Defendants at this time because an appearance has not been made on behalf of Defendants, nor has any responsive pleading been filed with the Court.


*Michelle M. Copeland*
Michelle M. Copeland