IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-02-171 |
| v. | § | |
| | § | |
| TROY A. BOWER & SHARI BOWER | § | |
| | § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
FILED

JAN 2 9 2003

Michael N. Milby
Clerk of Court

United States District Court
Southern District of Texas
ENTERED

JAN 3 0 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

ORDER

BE IT REMEMBERED, that on January 29, 2003, the Court *sua sponte* considered whether the above captioned case should be dismissed. Plaintiff Allstate Texas Lloyds filed this declaratory judgment action against Defendants, Troy A. Bower and Shari Bower. Jurisdiction is based on diversity of citizenship and the Declaratory Judgment Act. See 28 U.S.C. § 1332; 28 U.S.C. § 2201. Plaintiff seeks a declaratory judgment that its insurance policy with Defendants does not obligate it to defend or indemnify Defendants for liability that may result from an underlying Texas state court suit, *David M. Garcia and Patricia Zimny v. Troy A. Bower, Shari R. Bower, and Pest Com, Inc.*, Civil Action No. 2002-01-77.

After the Initial Pretrial Conference and further consideration, the Court now decides *sua sponte* to **DISMISS** this declaratory judgment action.

I.  **Analysis**

The Declaratory Judgment Act provides, "any court of the United States upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). In passing the Declaratory Judgment Act, Congress intended to provide an opportunity, and not a duty, to grant a new form of relief to qualifying litigants. See *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). The district court exercises a great degree of discretion in determining whether to

dismiss a declaratory judgment action, but the court's decision must rest upon the consideration and balancing of several factors. *See Travelers Ins. Co. v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 778 (5th Cir. 1993).

Not only may the Court refrain from hearing this declaratory judgment action, it may be an abuse of discretion to refuse to abstain under the circumstances presented here. The Fifth Circuit has reversed for abuse of discretion when district courts have refused to abstain from hearing declaratory judgment actions in circumstances where the interests of parties would be adequately represented in the state court proceeding and where denying declaratory relief would have avoided unnecessary interference with a comprehensive disposition of the state court action. *See Wilton*, 41 F.3d 934, 934 (5th Cir. 1994). *See also Magnolia Marine Transport Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 152 (5th Cir. 1992). Indeed, the Supreme Court has stated that,

> Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942).

Other federal courts have declined jurisdiction in cases involving identical facts. *See, e.g., Ranger Insurance Co. v. Turner*, 1998 WL 94939 (N.D. Miss. Feb. 13, 1998); *Houston General Insurance Co. v. Taylor Lumber & Treating, Inc.*, 1997 WL 40633 (E.D. La. Jan. 30, 1997). Even when the insurance company seeking declaratory relief is not a party to the state court action, it may have its interests adequately represented by either intervening in the state court action or by bringing a separate declaratory judgment action in state court. *See Turner*, 1998 WL 94939, at *3.

In determining whether to dismiss a declaratory judgment action, the Court must address several factors, including, but not limited to: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the declaratory plaintiff filed suit in anticipation of a lawsuit filed by defendant; (3) whether the declaratory plaintiff engaged in forum shopping in bringing the declaratory judgment action; (4) whether possible inequities in allowing the declaratory plaintiff to gain

precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy. See *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 591 (5th Cir. 1995); *Travelers*, 996 F.2d at 778. These factors take into consideration the goals of the Declaratory Judgment Act, which include affording an early adjudication of an actual controversy and avoiding a multiplicity of suits in various forums. *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir.1989). The propriety of dismissing this action requires consideration of each of these factors.

### A.     Pending State Action

It is undisputed that an action is pending in the 103rd Judicial District, Cameron County, Texas, in which Troy and Shari Bower are the defendants. The state court action is styled *David M. Garcia and Patricia Zimny v. Troy A. Bower, Shari R. Bower, and Pest Com, Inc.*, Civil Action No. 2002-01-77. The insurance coverage issues may be fully litigated in that forum.

### B.     Anticipatory Filing of Declaratory Judgment Action

If Allstate Texas Lloyds maintained its position that it is not obligated to defend or indemnify its insured, Troy and Shari Bower, in the underlying state court suit, then the Bowers would eventually bring suit against Allstate Texas Lloyds. Therefore, the Court finds that Plaintiff Allstate Texas Lloyds' complaint for declaratory judgment was filed in anticipation of its insured's law suit.

### C.     Forum Shopping

Anticipatory suits are disfavored because they are an aspect of forum shopping. *See Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983). Since the insurance coverage issues can be decided in the underlying state court action, the Court finds that it is reasonable to infer that Plaintiff's decision to pursue the matter in federal court was motivated in part by its belief that federal court would be a more favorable forum.

### D.     Inequity of precedence in time and forum

Allowing the declaratory judgment action to proceed would inequitably permit

Allstate Texas Lloyds to gain precedence in time and forum. The Bowers are the true "plaintiff" in the coverage dispute and therefore, they have the right to choose the forum in which their claims will be determined. It is a widely recognized principle that "anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure [because] [i]t deprives the plaintiff of his traditional choice of forum and timing . . .." *State Farm Fire and Casualty Co. v. Taylor*, 118 F.R.D. 426, 430-431 (M.D.N.C. 1988) (citing *Mission*, 706 F.2d 599 (5th Cir.1983)). This factor weighs in favor of dismissing the declaratory judgment action.

### E.   Inconvenience of forum to parties and witnesses

Neither Plaintiff nor Defendants are Texas residents. The relative convenience of the state court forum versus the federal court forum in Cameron County, Texas, is not determinative, considering the two courthouses are a block apart.

### F.   Interest of Judicial Economy

A single judgment on all issues by the state court is in the interest of judicial economy. As a practical matter, a judgment by the state court would resolve the issues for all parties. Conversely, if federal district courts routinely entertain declaratory judgment actions, such as the case at hand, the consequence would be a significant increase in dual litigation. *Employers Ins. of Wausau v. Gulf Island Marine*, 718 F.Supp. 17, 18 (E.D.La.1989). Such actions will arise whenever there is an insurance coverage dispute in state court. *See id.* The obvious result is an increase in systemic court and litigation expenses. *See id.* The discretion which the declaratory judgment statute gives the Court should be exercised so as to prevent such dual proceedings. *See id.*; *Wilton*, 41 F.3d at 935.

## II. Conclusion

The factors weigh against allowing this declaratory judgment action to continue. Therefore, the Court exercises its discretion to dismiss this declaratory judgment action. Accordingly, Plaintiff Allstate Texas Lloyds' complaint for declaratory judgment is **DISMISSED WITH PREJUDICE**.

DONE at Brownsville, Texas, this 29th day of January 2003.

_____
Hilda G. Tagle
United States District Judge